TAYLOR v. SCHLICTER.

Ohio Supreme Court.

No. 20407. Decided Feb. 29, 1928.

Error to Scioto Appeals.

Judgment reversed.

**1195. TRIALS BY JURY—677. Judgments which deny Substantial Justice—328. Court of Appeals finding as to, not conclusive.**

1. Error for Judge to withdraw conflicting questions of fact from jury and charge it, as to them as a matter of law.

2. Entering a judgment which denies a party, against whom it operates, substantive constitutional rights, denies substantial justice.

3. Finding by Court of Appeals, pursuant to 11364 GC., that substantial justice between parties was accomplished by trial court's judgment, not conclusive.

KINKADE, J.

1. It is error for a trial judge, when the evidence is in conflict in a jury trial. to withdraw questions of fact from the consideration of the jury and charge the jury what the facts are as a matter of law.

2. Substantial justice cannot be accomplished by entering a judgment which denies the party against whom the judgment operates substantive rights guaranteed to him by the law and the constitution.

3. A finding by the Court of Appeals, in its journal entry, pursuant to Section 11364, General Code, that substantial justice between the parties was accomplished by the judgment entered in the trial court is not conclusive.

(Marshall, CJ., Allen, Robinson, Jones and Matthias, JJ., concur.)

---

EAST BAY SPORTING CLUB v. MILLER et.

Ohio Supreme Court.

No. 20555. Decided Feb. 29, 1928.

Error to Erie Appeals.

Judgment modified and affirmed.

**1261. WATER AND WATER COURSES—537. Fishing rights of land owners.**

1. Public has right of navigation and fishing in open bays of Lake Erie, without limit as to particular portions of them whether navigable or not. (96 OS. 139, app.)

2. Waters which are used or susceptible of use, as highways of commerce, are navigable.

3. Water courses, defined—need not flow continuously; may sometimes be dry and may be filled by freshets or backwater and still constitute a water course.

4. Fishing rights—Owners of banks and bed of an unnavigable stream, not a part of Lake Erie or its bays, have exclusive right thereto and may enjoin trespassers from entering or fishing thereon. (17 OS. 336, app.)

DAY, J.

1. The public has a right of navigation and fishing in the waters of the open bays of Lake Erie, and such rights are not limited within such public bays to the particular portions thereof which are navigable in the legal sense, **but such rights of fishing** and navigation extend to any portions of such waters so long as they are a part of Lake Erie or its open bays. (Winous Point Shooting Club v. Slaughterbeck, 96 O. S., 139, approved and followed.)

2. Waters are navigable in law when they are used or are susceptible of being used in their ordinary condition as highways for commerce over which trade and travel are or may be conducted in the customary modes of trade and travel upon water.

3. A watercourse is a stream usually flowing in a particular direction in a definite channel having a bed, banks or sides and discharging into some other stream or body of water. It need not flow continuously, and may some times be dry or the volume of such watercourse may some times be augmented by freshets or water backed into it from a lake or bay or other extraordinary causes; but so long as it resumes its flow in a definite course in a recognized channel and between recognized banks, such stream constitutes a watercourse.

4. The owner of land comprising both banks and the bed of a stream or river which is not legally navigable and not a part of Lake Erie or its bays, has the exclusive right of fishing in such waters and may enjoin trespassers from entering upon and fishing therein. (Lembeck v. Nye, 47 O. S., 336, approved and followed.)

Marshall, CJ., Allen, Kinkade, Robinson and Matthias, JJ., concur.)

---

(Continued from Page 146)

**839. NEWSPAPERS AND PERIODICALS.**
Solomon v. City of Cleveland, OA. 6 Abs. 156.

**874. ORDINANCES.**
Flury v. Cent. Pub. House, OS. 6 Abs. 158. (See also 681. Jurisdiction.)

**889. PARTITION.**
See 389. Descent of Distribution. Lee et v. Fike, OA. 6 Abs. 151.

**897. PATENTS.**
See 513. False Representations. Am. Nat. Co. v. Thompson Spot Welder Co., OA. 6 Abs. 154.

**915. PERSONAL INJURY.**
See 291. Constitutional Law. State ex Hile v. Zangerle, Aud. et., OA. 6 Abs. 150.

**923. PLEADINGS.**
See 384. Demurrer. American Nat. Co. v. Thompson Spot Welder Co., OA. 6 Abs. 154.
Nunn v. Boal, OA. 6 Abs. 148.

**928. POLICE POWER.**
Solomon v. City of Cleveland, OA. 6 Abs. 156.

**953a. PRIORITY.**
See 755. Mechanics Liens. Square Lumber Co. v. Goldman, OA. 6 Abs. 155.

**964. PROSTITUTION.**
Bates v. State, OA. 6 Abs. 146.

(Continued on Page 160)